(117 So. 282)

**BRASSFIELD v. STATE. (I Div. 765.)**

Court of Appeals of Alabama. May 8, 1928.

Rehearing Denied June 5, 1928.

Inge & Bates, of Mobile, for appellant.

Charlie C. McCall, Atty. Gen., and Merwin T. Koonce, Asst. Atty. Gen., for the State.

RICE, J. Appellant was convicted of the offense of murder in the second degree, and given a sentence to serve 20 years' imprisonment in the penitentiary.

It was shown that she stabbed one Leonard Edwards with a knife, from the effects of which he died, while in her own home. The state's evidence was to the effect that she was entirely without justification, while that offered on her behalf tended to prove that she acted in self-defense. So far as we can observe from a careful reading of the entire record, or as has been pointed out to us by appellant's able counsel in their brief filed on this appeal, both the state and the defendant were allowed to present freely and fairly their respective versions of the transaction in which Edwards was killed by appellant. No novel questions of law are raised as to any ruling of the trial court on the taking of testimony.

The witness Dr. Hutchins, shown to be an expert, described fully and minutely the wound found on the person of deceased. This was sufficient reason for sustaining the objection to the question put to him by defendant as to whether or not any bone was cut. The question was really already answered. Then, too, this witness stated that the wound found and examined by him could have been made by a small knife. So the evidence sought was immaterial to any question in issue.

In each of the instances where exceptions were reserved to rulings on the taking of testimony, it appears that the said rulings were rendered innocuous by the later admission of the testimony, to the questions calling for which the state's objections had been sustained.

Manifestly, there was no error in refusing any of the general affirmative charges in

her favor, requested by appellant. In every other instance where a written charge was requested by appellant and refused we find the same principle of law involved therein to be fully and fairly included in, or covered by, the trial court's excellent oral charge, in connection with the numerous written charges given at appellant's request.

Appellant's counsel have filed an elaborate brief on this appeal in her behalf, but after carefully considering the points raised therein, in connection with the record, we are convinced that nothing would be helped by a more extended discussion by us. The case was well and smoothly tried, and the defendant accorded every right to which she was entitled under the law. There appearing nowhere any prejudicial error, the judgment is affirmed.

Affirmed.